[No. C042769. Third Dist. Apr. 29, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH PETER ARATA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

## COUNSEL

Robert D. McGhie, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, and John G. McLean, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**NICHOLSON, J.**—Defendant Joseph Peter Arata appeals from a judgment and revocation of probation, after a guilty plea, which resulted in a four-year prison sentence. On appeal, defendant contends (1) he is entitled to full credit for the time he spent in local custody because he did not effectively waive his credits as applied to state prison time, and (2) the trial court erred when it imposed, pursuant to Penal Code section 1202.4,[1] a second $800 restitution fine when it had already imposed a $600 fine at the time defendant was granted probation. We agree with defendant on both points. Accordingly, we modify the judgment and remand for recalculation of defendant's custody credits.

### BACKGROUND

In November 1999, defendant was charged, in a four count complaint, with corporal injury to a spouse (§ 273.5, subd. (a)), discharge of firearm in a grossly negligent manner (§ 246.3), making a criminal threat (§ 422) and brandishing a firearm (§ 417, subd. (a)(2)). Defendant waived his preliminary hearing and entered guilty pleas to infliction of corporal injury and brandishing a firearm on the condition that he would receive a grant of probation with a 90-day jail term.

---

[1] Further undesignated statutory references are to the Penal Code.

In accordance with the plea agreement, the court suspended imposition of sentence and placed defendant on three years' probation with the condition defendant serve 90 days in the county jail. The court further imposed a $600 restitution fine pursuant to section 1202.4 and set forth several terms of probation.

After defendant's third violation of probation, the court imposed and stayed execution of a four-year prison term. Although the clerk's transcript indicates that defendant entered a "*Johnson*[2] waiver," the reporter's transcript of the oral proceedings provides only the following colloquy regarding defendant's sentence and any waiver of custody credits:

"THE COURT: . . . My tentative ·plan, and taking—this is taking into consideration what's transpired since, well, the past year, and taking into consideration [defendant] now has custody credits that are astounding in number, what I'm going to do is I'm going to aggravate [defendant's] sentence to four years.

"I'm going to impose that sentence on [defendant] and I'm going to suspend that sentence, so it's going to be an execution suspended. This is something counsel who regularly practice in this court know that I rarely, if ever, do because I don't think that an execution suspended sentence is appropriate except in very limited areas because it ties the hands of the court.

"What I mean by that, [defendant], is that my hands will be, in essence, tied by myself. Which means that if you were to violate probation again for the merest of reasons, you have a 4-year prison sentence hanging over [your] head. And I was very constrained to find it impossible not to give you that sentence.

"DEFENDANT: Yes, sir.

"THE COURT: It gets uglier for you. I'm going to extend probation to December of '04. Essentially, almost had a year of having probation tolled since probation was provisionally suspended back in March of '01. So we're almost to that one year basis. So I'm going to extend the probation two years. That would be for the full five years. But suspend a goodly amount of that time either in custody or in a probation suspended sentence.

"So what that means, until I've got the numbers right here—and maybe I don't have, but whenever he was sentenced, his probation was due to be up 12-20 of this year. December 20th of this year. So probation would then be

---

[2] *People v. Johnson* (1978) 82 Cal.App.3d 183 [147 Cal.Rptr. 55].

up December 20th of 2004. So that's an extension of two years from when it was due to be up. And I don't find that I have a difficulty doing that with a waiver of the custody—with a waiver on this behalf for custody credits, because he's obviously beyond the year he could get locally. Well beyond that.

"My intent would simply be at this point to give him credit for time served on this particular violation, which is a massive amount of time already. So that's my tentative plan. I suspect it's probably different that [*sic*] either of you anticipated. Again, because I'm doing something I rarely do, which is the execution suspended.

"But you should understand if I impose this sentence—after hearing from both counsel, if I do impose this sentence, you may well still get that 4-year sentence via your own actions. So I think we're to [defendant's counsel] for argument since it was his hearing."

After a brief pause in the proceedings, defendant's counsel submitted on his opening argument and the court's tentative ruling. The People then argued that defendant should be sentenced to four years in state prison, with no stay of execution. Before the court's final ruling, defendant's counsel added the following comments:

"[DEFENDANT'S COUNSEL]: Now, since June 19th, 2001, when he surrendered, he's actually got in—as of today, I calculate three hundred seventy-six days of actual custody, plus a hundred and eighty-eight custody conduct credits, for a total of five hundred sixty-four. And I was going to—the Court had actually adopted one of the suggestions I was going to make. I was going to ask that he—first, he just be given credit for time-served and be allowed to go back to Florida.

"And this is actually something I don't recall, but the Court recalls it, and during the course of settlement. Let this guy go and let him get back to his kids. In the alternative, at that time the Court suggested he basically give a *Johnson* waiver as to good time, if the Court were to give him additional time county-wise.

"But the Court has chosen the tentative to do what I was going to suggest as a third alternative, and that would be to give him an execution suspended. It appears that everybody is on the same track that to my client[,] his children and family come first. And I think that's an admirable thing that I don't really want to see him punished for. [¶] . . . [¶]

". . . And I would ask the Court to follow its tentative ruling."

The court then adopted its tentative ruling with, in part, the following explanation:

"[THE COURT:] A second thing that went into this thought was that given his current credits, if I were to impose the 3-year sentence—and you may have given this some thought yourself, [defendant], but if I were to impose the 3-year sentence, he's already served it.

"In essence, with his good time credits, he could simply go to state prison, get checked in, get processed, have a cup of coffee and be out on parole. This way it's a little harsher because you can still go to state prison and then be out on parole, if you choose to violate probation. So those were two of the main things that went into my consideration. . . . [¶] . . . [¶]

"So all of those went into my decision to go back on my word, which was to give you state prison next time you goofed up. So I'm not going to do it this time. I am going to reinstate your probation from the standpoint that I am going to impose a 4-year—the aggravated sentence here as opposed to the three years. So I'm going to suspend execution of that sentence. I'm going to place you back on probation. I'm going to extend your probation to the 20th of December, 19—or 2004. All the other terms and conditions of probation that were imposed are reimposed, with the remainder you need to do the batterer's program. [¶] . . . [¶]

"All of those things I expect to be complied with. And I'll impose, with the waiver that [defendant's counsel] has offered, a sentence from June 19th to today, whatever that might be."

Defendant was then awarded 309 days of custody credit.

Thereafter, defendant, again, violated the terms of his probation. At his hearing, defendant admitted the violation of probation and requested a referral for consideration in the Addicted Offender Program (AOP). Defendant, however, was denied admission to the program due to his firearm conviction. At sentencing, defendant requested he be given credit against his prison sentence for *all the time* he had spent in local custody, including conduct credits. He maintained that he had not entered a *Johnson* waiver of his right to receive credit against his prison sentence for the time he served in local custody. Defendant was not represented at these proceedings by the same attorney that had represented him at the proceeding wherein he received the execution suspended sentence and purportedly entered the waiver. The People argued defendant had not expressly entered the waiver, but had effectively entered an implied waiver.

The court agreed with the People, stating it was obvious at the time that defendant was waiving his credits so he could avoid going to prison, and that

he had received the benefit of that agreement and could not avoid it simply because he did not personally and expressly state his waiver on the record. Accordingly, defendant's prior credits were capped at one year, plus the additional credits defendant had earned since his arrest on the current probation violation, for a total of 475 days. The stay of execution on his four-year term was lifted and defendant was ordered to pay a restitution fine in the amount of $800 and an additional $800 restitution fine suspended pending successful completion of parole.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

Defendant also contends the trial court erred when it imposed, pursuant to section 1202.4, a second $800 restitution fine when it had already imposed a $600 fine at the time defendant was granted probation. We agree.

Section 1202.4, subdivision (b) provides that, "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." Subdivision (m) of that section states that, "[i]n every case in which the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation. Any portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied."

■ In the absence of extraordinary and compelling circumstances, when a person is convicted of a felony, a restitution fine must be imposed, irrespective of whether probation is granted. (§ 1202.4, subd. (b).) If probation is granted, payment of the restitution fine must be made a condition of that probation. (§ 1202.4, subd. (m).)

■ Despite the fact that the restitution fine is imposed as a condition of probation, however, it survives the probationary term. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822 [76 Cal.Rptr.2d 732] (*Chambers*).) In *Chambers,* we said a trial court has no statutory authority to order a second

---

*See footnote, *ante,* page, 195.

restitution fine upon revocation of probation, because a restitution fine imposed as a condition of probation remained in force despite revocation of probation. We reviewed the statutes in effect when the defendant was granted probation in 1993, and subsequent statutory changes. We concluded: "There is nothing in the current statutory scheme to suggest any change in the Legislature's intent to have a restitution fine survive the revocation of probation. Indeed, the statutory scheme suggests otherwise. Restitution fines are required in all cases in which a conviction is obtained. Furthermore, there is no provision for imposing a restitution fine after revocation of probation. The triggering event for imposition of the restitution fine is still conviction. (. . . § 1202.4, subd. (b).)" (*Chambers, supra,* 65 Cal.App.4th at p. 822.)

The instant case falls squarely within *Chambers*. In *Chambers*, the defendant pleaded no contest to first degree burglary and was granted probation. As a condition of that probation, she was ordered to pay a $200 restitution fine. (*Chambers, supra,* 65 Cal.App.4th at p. 821.) Four years later, the trial court revoked the defendant's probation, sentenced her to state prison and imposed a second restitution fine of $500. We held that because the first restitution fine remained in effect, the trial court was without authority to impose the second restitution fine. (*Id.* at p. 823.)

The holding in *Chambers* is dispositive of the case at bar. Consistent with the pertinent statutory provisions, the trial court imposed a $600 restitution fine as a condition when it placed defendant on probation on December 21, 1999.[7] Three years later, the trial court revoked defendant's probation and imposed a second restitution fine in the amount of $800.[8] The trial court was without authority to impose the second restitution fine. (*Chambers, supra,* 65 Cal.App.4th at p. 823.)

Although the People have routinely conceded this issue for several years, they inexplicably seek to defend the error in this case. We reject their arguments.

Citing section 1202.4, subdivision (m), the People improvidently contend that the trial court was entitled to impose a restitution fine as a condition of

---

[7] Although the court's oral pronouncement does not specifically reflect the imposition of the $600 restitution fine, the court stated it was following the probation report's recommendation that included the $600 fine and the clerk's minutes of the proceedings reflect the imposition of the $600 fine. In any event, the People concede that the court imposed a $600 fine at the time probation was initially granted.

[8] The clerk's transcript, however, inaccurately reflects the restitution fine imposed as: "THE COURT, having previously ordered the defendant to pay a restitution fine of $800.00 pursuant to Penal Code Section 1202.4, THE COURT NOW ORDERS, an additional restitution fine in the amount of $800.00 which shall be SUSPENDED unless defendant's parole is revoked pursuant to Penal Code Section 1202.45."

probation in addition to the restitution fine mandated by subdivision (b). Subdivision (m) does not contain language authorizing an additional discrete fine. As reflected by its express terms (set forth above), subdivision (m) is no more than a direction to the trial judge to impose the restitution fine mandated by subdivision (b) on probationers as a condition of probation. Failure to do so would lead to successful probationers avoiding the mandatory nature of subdivision (b).

■ Alternatively, the People assume from the silent record that the defendant did not pay the $600 restitution fine imposed as a condition of probation and appear to argue defendant is therefore only liable for the $800 fine imposed when he was committed to prison. This is incorrect because a restitution fine imposed as a condition of probation survives a subsequent revocation and state prison commitment. (*Chambers, supra,* 65 Cal.App.4th at p. 822.) Defendant is either entitled to credit for its payment or is responsible for paying it during and, if necessary, after his prison sentence.

■ Since the restitution fine had already been imposed at the time defendant was initially granted probation, the subsequently imposed fine was improper. Additionally, because the corresponding restitution fine stayed unless defendant's parole is revoked (§ 1202.45) must be in the same amount as the restitution fine, that fine must be reduced to $600. (*People v. Smith* (2001) 24 Cal.4th 849, 851, 853 [102 Cal.Rptr.2d 731, 14 P.3d 942].)

## DISPOSITION

The judgment is modified by striking the $800 restitution fine, leaving in force the $600 restitution fine originally imposed pursuant to section 1202.4, subdivision (b), and reducing to $600 the additional restitution fine imposed and stayed pursuant to section 1202.45. The matter is remanded to the trial court to recalculate defendant's custody credits. The court shall include all credit accumulated by defendant as a condition of his probation. As modified herein, the judgment is affirmed.

The trial court shall enter an amended abstract of judgment reflecting the recalculated custody credits and the reduced restitution fines and forward a certified copy of the same to the Department of Corrections.

Sims, Acting P. J., and Butz, J., concurred.