Filed 5/31/13  P. v. Arrubias CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062686 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD214408) |
| CARLOS COVARRUBIAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David M. Szumowski, Judge.  Sentence modified and remanded.

Kessler & Seecof and Daniel J. Kessler for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Susan Miller, Deputy Attorneys General, for Defendant and Appellant.

After being sentenced to prison following a second probation violation, Carlos Covarrubias appeals two aspects of his sentence:  (1) the trial court's imposition of an additional restitution fine of $960 and a corresponding parole revocation restitution fine

of $960; and (2) the trial court's failure to award conduct credits for the jail time that Covarrubias served as a result of his second probation violation.  We conclude that both of Covarrubias's arguments have merit, and we accordingly order that (1) the sentence be modified to strike the additional $960 restitution fine and to reduce the parole revocation restitution fine to $200; and (2) the case be remanded for the limited purpose of calculating conduct credits under section 4019 for Covarrubias's time spent in local custody after January 17, 2012.

I

FACTUAL AND PROCEDURAL BACKGROUND

In June 2008, Covarrubias participated in a gang-related assault during which several victims were stabbed.[1]  Covarrubias was charged with three counts of attempted murder (§§ 664, 187, subd. (a));[2] five counts of assault with a deadly weapon (§ 245, subd. (a)(1)); and one count of possession of a firearm by a felon (§ 12021, subd. (a)(1)). Each of the attempted murder and assault counts included a gang allegation.  (§ 186.22, subd. (b)(1).)

A jury found Covarrubias guilty of (1) one of the assault counts and (2) the lesser included offense of simple battery as to another of the assault counts.  The jury was

---

[1]     As the facts of the underlying crimes are not relevant to the issues in this appeal, the parties have not included a reporter's transcript from Covarrubias's trial in the appellate record, and they cite to the probation officer's report to describe the facts of the underlying crimes.  We accordingly rely on the probation officer's report for our short description of the underlying crimes.

[2]     All further statutory references are to the Penal Code unless otherwise specified.

unable to reach a verdict on the remaining counts and the court declared a mistrial as to them. Covarrubias then entered into a plea agreement for the remaining counts, according to which he pled guilty to one of the assault charges along with the accompanying gang allegation.

On June 25, 2009, the trial court imposed a seven-year prison term, which it suspended, placing Covarrubias on formal probation. The trial court found that Covarrubias was entitled to 554 days of credit for time served, including 184 days of conduct credit pursuant to section 4019. Among other things, the trial court also imposed a restitution fine of $200 pursuant to section 1202.4, subdivision (b),[3] and a corresponding probation revocation restitution fine of $200 pursuant to section 1202.44, which — as statutorily required — was suspended pending successful completion of probation.[4]

On January 17, 2012, the trial court revoked Covarrubias's probation because he had tested positive for controlled substances. The trial court ordered that probation be

---

[3]     Section 1202.4, subdivision (b) states: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."

[4]     Section1202.44 provides in relevant part: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record."

reinstated on the condition, among others, that Covarrubias waive his right to conduct credit accrued under section 4019 for time served in local custody.

Covarrubias then violated probation a second time by using controlled substances. At an August 2, 2012 hearing, the trial court revoked probation and lifted the stay of the seven-year prison sentence. Based on the statement of the probation officer at the hearing, the trial court gave Covarrubias credit for 399 actual days served, and zero days of conduct credits under section 4019.[5] The trial court ordered that the probation revocation fine of $200 under section 1202.44 be paid. It also imposed a restitution fine of $960 pursuant to section 1202.4, subdivision (b), and a corresponding parole revocation restitution fine of $960 pursuant to section 1202.45, which was suspended unless parole was revoked.[6]

Covarrubias appeals from the sentence imposed on August 2, 2012, contending that the trial court erred by ordering additional restitution fines and failing to grant certain conduct credits.

---

[5] The minute order for the August 2, 2012 hearing states, "Defendant waives Past/Present/Future [section] 4019 credits while on Probation." However, the reporter's transcript for the August 2, 2012 hearing contains no statement or discussion on that issue.

[6] Section 1202.45, subdivision (a) provides: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

II

DISCUSSION

A.    *The Additional Restitution Fine Was Improperly Imposed*

As we have explained, at the original sentencing in 2009 the trial court imposed a restitution fine of $200 pursuant to section 1202.4, subdivision (b), and a probation revocation restitution fine of $200 pursuant to section 1202.44.  At the August 2, 2012 sentencing following the second probation revocation, the trial court imposed a restitution fine of $960 pursuant to section 1202.4, subdivision (b), and a parole revocation restitution fine in the same amount ($960) pursuant to section 1202.45, which was suspended unless parole was revoked.

On appeal, Covarrubias argues that the trial court exceeded its authority by imposing a new restitution fine of $960 under section 1202.4, subdivision (b) in 2012 when it had already imposed a restitution fine of $200 under that same statutory provision in 2009.  Covarrubias also argues that the trial court erred in imposing a corresponding parole revocation restitution fine of $960, when that fine should have been in the amount of $200.  The Attorney General concedes the validity of Covarrubias's arguments.  As we will explain, we agree with the parties that the trial court erred.

"A restitution fine imposed at the time probation is granted survives the revocation of probation.  Because of this, an additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment."  (*People v. Urke* (2011) 197 Cal.App.4th 766, 779.)  "[T]here is no provision for imposing a restitution fine after revocation of probation.   The triggering event for imposition of the restitution

5

fine is . . . conviction," and "the . . . restitution fine remain[s] in force despite the revocation of probation." (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822, 823 (*Chambers*).) Here, "[s]ince the restitution fine had already been imposed at the time defendant was initially granted probation, the subsequently imposed fine was improper . . ." (*People v. Arata* (2004) 118 Cal.App.4th 195, 203 (*Arata*)), and we will strike it. The original restitution fine imposed in 2009 pursuant to section 1202.4 remains in place.

At sentencing after the probation revocation, the trial court imposed a parole revocation restitution fine of $960 under section 1202.45 to correspond to the amount of the $960 restitution fine imposed pursuant to section 1202.4 because the amounts of the fines imposed under those two statutes are statutorily required to be the same. (§ 1202.45, subd. (a).) As we have concluded that the proper amount of the restitution fine pursuant to section 1202.4 is the original amount of $200 imposed in 2009, we will reduce the $960 parole revocation restitution fine to $200 to correspond to the original restitution fine of $200. (*Arata*, *supra*, 118 Cal.App.4th at p. 203.)[7]

In sum, we strike the trial court's imposition of the $960 restitution fine that was ordered pursuant to section 1202.4, and we reduce the $960 parole revocation restitution

---

[7] Even though Covarrubias did not object to imposition of the second restitution fine in the trial court or the amount of the parole revocation restitution fine, he "did not waive the issue because the trial court exceeded its statutory authority in imposing the second restitution fine." (*Chambers*, *supra*, 65 Cal.App.4th at p. 823.)

fine that was ordered pursuant to section 1202.45 to the amount of $200. The original

$200 restitution fine imposed in 2009 remains in place.

B.    *Covarrubias Did Not Waive His Entitlement to Conduct Credits Earned After He Was Reinstated on Probation*

At the August 2, 2012 probation revocation hearing at which the trial court lifted

the suspension of Covarrubias's prison sentence, the trial court did not credit Covarrubias

with *any* conduct credit under section 4019, including for the time, if any, that

Covarrubias had served in local custody since the January 17, 2012 hearing on his first

probation violation.[8]  Covarrubias contends that the trial court erred in not crediting him

with conduct credit earned after the January 17, 2012 hearing.  As we will explain,

Covarrubias's argument has merit.

At the January 17, 2012 hearing, as a condition of reinstating probation, the trial

court required that Covarrubias waive his entitlement to conduct credit accrued under

section 4019.  Specifically, the trial court stated to Covarrubias, referring to the conduct

credits he had already earned as of January 17, 2012, "You're going to give up 188 days

of good-time credits; I'm taking those six months away from you.  Do you understand

that?"  Covarrubias answered, "Yes, sir."  The trial court followed up with, "Past, present

_____

[8]    The appellate record is insufficient for us to determine the amount of time, if any, that Covarrubias served in local custody between the first and second probation revocation hearings that would satisfy the requirement for accrual of conduct credit under section 4019.

7

and future, all purposes. Those were (b)(2)[,] (c)(2)'s. 377 and zero, credit for time served."[9]

It is well settled that a defendant can expressly waive entitlement to custody credits — including conduct credits — as a condition to a grant of probation, as Covarrubias did here. (*People v. Johnson* (2002) 28 Cal.4th 1050, 1052; *People v. Black* (2009) 176 Cal.App.4th 145, 154 (*Black*).) However, " '[a]s with the waiver of any significant right by a criminal defendant, a defendant's waiver of entitlement to . . . custody credits must, of course, be *knowing and intelligent*.' [Citation.] 'The gravamen of whether such a waiver is knowing and intelligent is whether the defendant understood he was relinquishing or giving up custody credits to which he was otherwise entitled . . . .' " (*Black*, at p. 154, italics added.)

Covarrubias concedes that he *did* knowingly and intelligently waive his entitlement to the 188 days of conduct credit that the trial court referred to at the January 17, 2012 hearing, and he makes no claim to those 188 days of conduct credit. However, Covarrubias argues that he did *not* make a knowing and intelligent waiver of his right to conduct credit *in addition to* those 188 days, which did not even *exist* at the time of the January 17, 2012 hearing because he had not yet served any additional time in local custody at that point. According to Covarrubias, the trial court did not explain to

_____

9      The term "(b)(2)[,] (c)(2)'s" apparently referred to section 4019 former subdivisions (b)(2) and (c)(2). The number "377" apparently referred to Covarrubias's credit for actual time served, and the "zero" referred to the amount of custody credits that Covarrubias would be entitled to as a result of the waiver.

him that he would be waiving his right to conduct credits that he might earn in the *future*, and he therefore did not knowingly and intelligently waive his right to such credits.

We agree. The dialogue between Covarrubias and the trial court at the January 17, 2012 hearing cannot reasonably be understood to have communicated to Covarrubias that he was waiving his right to conduct credits *beyond* the 188 days of conduct credit that the trial court specifically referenced. It is plain that when the trial court's stated (1) "I'm taking *those six months* away from you," (2) the waiver was for "[p]ast, present and future, all purposes" and (3) "[*t*]*hose were*" credits earned under "[§ 4019, former subdivisions] (b)(2)[,] (c)(2)[]," the trial court was referring to a waiver *only* of the 188 days of conduct credits that Covarrubias had *already* earned. (Italics added.) The trial court said nothing about waiving conduct credits that Covarrubias might earn if, in the future, he once again found himself in local custody. Therefore, Covarrubias did not make a knowing and intelligent waiver of any conduct credits other than the 188 days that he had already earned as of the January 17, 2012 hearing.

As no effective waiver was in place regarding conduct credits earned after January 17, 2012, the trial court erred in refusing to assign any conduct credits for the time, if any, that Covarrubias spent in local custody with qualifying good conduct after January 17, 2012. (Cf. *Black*, *supra*, 176 Cal.App.4th at p. 155 [noting the People's position that the defendant's waiver of conduct credit applied only to all such credits accrued *prior* to the date the defendant signed a waiver, and remanding for the trial court to recalculate credits for time spent in custody after the waiver was signed].) We will

9

remand for the trial court to calculate any conduct credits that Covarrubias may have earned after January 17, 2012.

## DISPOSITION

The judgment is modified by striking the $960 restitution fine, leaving in force and effect the $200 restitution fine originally imposed pursuant to section 1202.4, subdivision (b), and reducing to $200 the additional parole revocation restitution fine imposed and stayed pursuant to section 1202.45. The case is remanded for the limited purpose of calculating and awarding conduct credits under section 4019 for Covarrubias's time spent in local custody after January 17, 2012. The trial court shall forward an amended abstract of judgment reflecting the correct restitution fines and conduct credits to the Department of Corrections and Rehabilitation.

IRION, J.

WE CONCUR:

McDONALD, Acting P. J.

McINTYRE, J.

10