Filed 10/18/13  P. v. Deaton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEREMY LEE DEATON,<br><br>Defendant and Appellant. | C073024<br><br>(Super. Ct. Nos. CRF1255 &<br>CRF111393) |

Appointed counsel for defendant Jeremy Lee Deaton has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm the judgment, but direct correction of the abstract.

## BACKGROUND

On March 17, 2011, law enforcement found defendant in possession of a used syringe and two plastic baggies containing .8 grams of methamphetamine.  Defendant

pled no contest in Yolo County case No. CRF111393[1] to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted having served two prior prison terms (Pen. Code,[2] § 667.5). The trial court placed defendant on Proposition 36 probation pursuant to section 1210.1.

On September 16, 2011, a petition for violation of probation was filed. Defendant admitted the violation of probation and probation was reinstated.

On January 4, 2012, officers found defendant in possession of .68 grams of methamphetamine, a used syringe, and prescription medication. Defendant pled no contest in case No. CRF1255 to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted he had served a prior prison term (§ 667.5). He also admitted he had violated his probation in case No. CRF111393. Defendant was again placed on Proposition 36 probation.

On August 24, 2012, a petition for violation of probation in both cases was filed alleging defendant had failed to report his change of address and his whereabouts were unknown. Probation was summarily revoked. An additional set of petitions for violation of probation were filed on September 28, 2012, alleging new felony violations for possession of a controlled substance and possession of paraphernalia (case No. CRF123798), and alleging defendant had been associating with narcotics users and in places where narcotics were being used in violation of the conditions of his probation.

On November 26, 2012, the prosecutor dismissed case No. CRF123798 and defendant admitted violating his probation in case Nos. CRF111393 and CRF1255.

---

[1] All case numbers refer to Yolo County Superior Court numbers.

[2] Further undesignated statutory references are to the Penal Code.

2

On January 9, 2013, the trial court sentenced defendant to three years for possession of a controlled substance plus one year each for the two prior prison terms in case No. CRF111393, and a consecutive eight months for possession of a controlled substance and stayed one year for the prior prison term in case No. CRF1255, for a total term of five years eight months, to be served locally. (§ 1170, subd. (h).)

The trial court awarded defendant 153 days of presentence custody credit in case No. CRF111393 and 92 days of presentence custody credit in case No. CRF1255. The trial court also reaffirmed previously ordered fines, fees, and penalty assessments.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

## DISCUSSION

Appointed counsel has asked us to review the record for error. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Our review of the record discloses no arguable error in defendant's favor. It does, however, reveal errors in the abstract of judgment.

First, the abstract erroneously lists restitution fines (and accompanying revocation fines) as $220 on each case, rather than the previously-imposed restitution fine of $200 in both cases. Restitution fines survive revocation of probation. (*People v. Arata* (2004) 118 Cal.App.4th 195, 201-203.) The abstract should reflect the previously-imposed amounts.

Second, the trial court previously imposed $500 fines in both cases. The abstract of judgment erroneously lists each of these fines as $700 and misidentifies them as imposed pursuant to section 1202.5 rather than section 672.[3] The abstract of judgment

---

[3] Section 672 provides in pertinent part: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the

should reflect the proper amounts and statutory authority.[4]

## DISPOSITION

The judgment is affirmed.  We direct the trial court to prepare a corrected abstract of judgment in accordance with this opinion and forward a certified copy thereof to the relevant authorities.


                                                    DUARTE              , J.


We concur:


         RAYE              , P. J.


         MAURO            , J.

---

court may impose a fine on the offender not exceeding . . . ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

[4] In the interest of judicial economy, we order correction of the abstract of judgment without having requested supplemental briefing.  A party claiming to be aggrieved by this procedure may petition for rehearing.  (Gov. Code, § 68081.)