Filed 2/28/14  P. v. Brewer CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KENNETH ROB BREWER,<br><br>        Defendant and Appellant. | A138383<br><br>(Napa County<br>Super. Ct. No. CR163879) |

Kenneth Rob Brewer appeals from a judgment of conviction and sentence imposed after he entered a no contest plea to multiple felony counts.  His appellate challenge distills to a meritless dispute about a $35 administrative fee and $13 drug testing fee mentioned on a form contained in the record.  We will affirm the judgment.

### I.  FACTS AND PROCEDURAL HISTORY

In January 2013, Brewer entered a plea of no contest to four felony counts: possession for sale of a controlled substance (Health & Saf. Code, § 11351); possession of marijuana for sale (Health & Saf. Code, § 11359); cultivation of marijuana (Health & Saf. Code, § 11358); and possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)).  He also admitted that he had two prior convictions related to controlled substances (Health & Saf. Code, § 11370.2, subd. (a)) and possessed excess cocaine for sale (Pen. Code, § 1203.073, subd. (b)).

Brewer was initially released on his own recognizance, on the condition that he would be sentenced up to the maximum of eight years in custody and three years four months of mandatory supervision if he perpetrated a new offense.  (See Cal. Rules of

Court, rule 4.412.)  He was later returned to custody after he was caught taping a bindle of cocaine to the underside of a restaurant table.

At the sentencing hearing on March 18, 2013, Brewer was sentenced to five years in local custody and four years on mandatory supervision.  No error is claimed as to this aspect of his sentence.

The court also orally imposed the following fines and fees:  a $160 mandatory court security fee; a $1,120 restitution fine; a $120 criminal conviction assessment; a $205 laboratory analysis fee as to each of counts one through three (for a total of $615); and a $13 drug testing fee, by stating that "Number 31 [of the mandatory supervision terms and conditions in the probation department's presentence report] is imposed."  (See Pen. Code, § 1202.4; Govt. Code, § 70373; Health & Saf. Code, § 11372.5; Pen. Code, § 1203.1ab.)[1]  The court waived other fees based on Brewer's inability to pay them.

The minute order from the sentencing hearing records all of these fines and fees, either expressly or by reference to the number of the corresponding mandatory supervision condition.  In addition, the minute order states in bold-face type:  "Matter is referred to Post Court Services."

Also in the record is a document entitled "Napa County Superior Court [¶] Promise to Appear/CSB Referral," dated March 21, 2013, ostensibly initialed by the court clerk (CSB Form).  According to this document, "CSB" refers to the California Service Bureau, and the purpose is to establish an installment payment plan for the fines and fees imposed by the court.  The CSB Form lists:  a court operations assessment of $160; a "fine" of $1,855 (without explicitly mentioning the $1,120 restitution fine, $120 criminal conviction assessment, or $615 for the three lab analysis fees); and the drug testing fee of $13.  In addition, the CSB Form imposes an administrative fee, not mentioned orally by the court, in the amount of $35.

---

[1] Condition No. 31 read:  "Pay a Drug Testing Fee of $13.00 per test, upon ability to pay.  (Penal Code Section 1203.1ab.)"  The $160 court security fee, $1,120 restitution fine, $120 criminal conviction assessment, and each of the three laboratory analysis fees were referenced in condition Nos. 21–23 and 25–27.

The CSB Form contains the following language: "I, being the defendant in the . . . matter, hereby promise and agree to the above listed amount . . . ." Although the document has a line for Brewer's signature, Brewer did not sign it. Instead, the document bears the handwritten words, "In Custody."

This appeal followed.

## II. DISCUSSION

Brewer contends he should not be required to pay the "$1800" fine or the $35 administrative fee included on the CSB Form, because neither was mentioned orally by the court at sentencing, and he never signed the CSB Form. (Citing *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 [oral pronouncement of judgment controls over minute order or abstract of judgment].) He further urges that the $13 drug testing fee is mentioned incorrectly in the CSB Form, because that fine may be imposed only if he had the ability to pay it. We address each argument.

A.    *The $1,855 In Fines and Fees*

The CSB Form actually refers to a fine of $1,855, not $1,800. This $1,855 corresponds to the sum of the fines and fees orally imposed by the court at the sentencing hearing: $1,120 for the restitution fine, $120 for the criminal conviction assessment, and $615 for the laboratory analysis fees, totaling $1,855. There is no dispute that these fines, fees, and amounts were ordered by the court. The CSB Form is therefore correct in this regard.

B.    *The $13 Drug Testing Fee*

The court orally pronounced the $13 drug testing fee, by stating on the record that mandatory supervision condition "Number 31 is imposed." The court's reference to the condition number was sufficient to evince the court's intent to follow the probation department's recommendation and impose the fee. (See *People v. Arata* (2004) 118 Cal.App.4th 195, 202, fn. 7.)

Brewer argues, however, that the $13 drug testing fee mentioned in the probation report and Penal Code section 1203.1ab may be imposed only to the extent

commensurate with the defendant's ability to pay.[2] He notes that the probation report specifically recommended "$13.00 per test, upon ability to pay." He further urges that the trial court could not have implicitly determined his ability to pay, because the probation report did not specify the number of $13 tests he would have to take.

Brewer therefore does not challenge the judge's imposition of the $13 drug test fee—which he waived anyway by failing to object at the sentencing hearing—but protests the fact that the court clerk later "transformed" the conditional fee into an absolute one when entering it onto the CSB Form. He asserts that we may modify an erroneous recording of the trial court's oral pronouncements to reflect the actual judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Brewer's protest is meritless. Although the CSB Form does not expressly state that the $13 fee was based on Brewer's ability to pay, neither does it expressly state that it was *not* based on Brewer's ability to pay. Implicitly, the $13 fee in the CSB Form was necessarily conditioned on his ability to pay, since that is what is specified in the statute and the probation department's recommendation that the court adopted; in any event, we deem the CSB Form to be construed in that manner. As so construed, the CSB Form is not inconsistent with the court's imposition of the $13 fee.

Moreover, the record supports the conclusion that the court *did* decide Brewer had the ability to pay the fee. By statute, the court must determine the defendant's ability to

---

[2] Penal Code section 1203.1ab provides: "Upon conviction of any offense involving the unlawful possession, use, sale, or other furnishing of any controlled substance, as defined in Chapter 2 (commencing with Section 11053) of Division 10 of the Health and Safety Code, in addition to any or all of the terms of imprisonment, fine, and other reasonable conditions specified in or permitted by Section 1203.1, unless it makes a finding that this condition would not serve the interests of justice, the court, when recommended by the probation officer, shall require as a condition of probation that the defendant shall not use or be under the influence of any controlled substance and shall submit to drug and substance abuse testing as directed by the probation officer. *If the defendant is required to submit to testing and has the financial ability to pay all or part of the costs associated with that testing, the court shall order the defendant to pay a reasonable fee, which shall not exceed the actual cost of the testing.*" (Italics added.)

4

pay before imposing the fee. (Pen. Code, § 1203.1ab.) We presume the court did what it was supposed to do in the absence of a contrary indication in the record, and there is no such contrary indication here. The court stated at the hearing: "[Condition Nos.] 28, 29, and 30 will be waived based on inability to pay. Number 31 is imposed." From this, it is reasonable to infer that the court determined that Brewer did not have the ability to pay the fees or fines referenced in condition Nos. 28, 29, and 30, but he did have the ability to pay the drug testing fee referenced in condition No. 31. Neither Brewer nor his attorney objected or sought clarification.

As mentioned, Brewer argues that the court could not have determined his ability to pay the $13 fee because the probation report did not specify how many drug tests Brewer would have to take. We disagree: the court still could have *made* the determination; whether there was a substantial basis for the court's determination in light of this missing information would be a different question, which Brewer has failed to pursue. At any rate, Brewer's argument is immaterial to his challenge to the CSB Form—the sole subject of the appeal—since the CSB Form only mentions "$13" for *one* test.

C.    *The $35 Administrative Fee*

Brewer argues that the $35 administrative fee on the CSB Form should be stricken, because the court did not impose it. Again, his argument is meritless.

Under Penal Code section 1205, subdivisions (d) and (e), a defendant may be charged a fee for the administrative and clerical costs involved in processing an installment account used to pay off fines imposed by the court. (See also Napa County Superior Court, *Can I make payments or work off my fine?* <http://www.napa.courts.ca.gov/divisions/criminal> [as of Feb. 28, 2014; explaining imposition of $35 administrative fee].) Since the record discloses that the purpose of the CSB Form was to facilitate an installment plan for the payment of the fines and fees imposed by the court, the record supports the inclusion of the administrative fee on the CSB Form.

Brewer argues that he was never presented with the option to pay the fines and fees immediately, as opposed to paying them over time and incurring the administrative

5

fee, and Penal Code section 1205 does not authorize the clerk or CSB to impose the administrative fee unilaterally. The record, however, shows that the court imposed the fines and other fees on March 18, 2013, and the court's minute order of that March 18 hearing states clearly—and in bold-faced print—that the "[m]atter is referred to Post Court Services." The inference is that Brewer opted not to pay the $2,028 immediately, but to make arrangements to pay it in installments. Indeed, there is no indication that Brewer ever attempted to pay the fines and fees when they were imposed.[3]

Brewer further contends Penal Code section 1205, subdivision (e) "provides that the 'fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account' and *may not exceed $30 dollars* [*sic*]." (Italics added.) He mischaracterizes the statute. Subdivision (e) limits the "fee established for the processing of the accounts receivable that are *not* to be paid in installments" to $30. (Italics added.) The subdivision does not so limit the "fee for the processing of installment accounts." (Pen. Code, § 1205, subd. (e).)

Brewer next argues that "[t]he fee does not apply to fines and restitution orders. (Subd. (f).)" But subdivision (f) of Penal Code section 1205 actually states: "This section shall not apply to *restitution* fines and restitution orders." (Italics added.) The CSB Form in this matter does not relate solely to a restitution fine or restitution order.

In sum, Brewer fails to establish any impropriety in the CSB Form.

Moreover, any uncertainty about the propriety of the $35 fee could have been cleared up quickly and easily by simply looking at the court's website or calling CSB or Post Court Services; if Brewer found the explanation unsatisfactory, he could have asked the *trial* court to address it. The trial court would have also been the place to raise any claim of inability to pay the drug testing fee. In fact, *any* concern Brewer had with the

---

[3] And even if the court clerk *had* referred the matter to CSB for installment payments without Brewer's knowledge, there is no showing that Brewer suffered any prejudice: he does not point to any suggestion in the record, or even argue in his appellate briefs, that he *could* have paid the fines and fees without an installment plan.

CSB Form could have, and should have, been raised in the trial court rather than filing an appeal that prompted the preparation of the appellate record, drove up litigation costs, and unnecessarily prolonged the resolution of these $48 issues for months.  While California appellate courts stand ready to review large and small cases of every type to the full extent of the law, Brewer's concerns would have been more efficiently and appropriately addressed elsewhere.

### III.  DISPOSITION

The judgment is affirmed.


_____

NEEDHAM, J.


We concur.



_____

SIMONS, Acting P. J.



_____

BRUINIERS, J.


7