Filed 4/24/14  P. v. Chaparro CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B251390 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA017771) |
| v. | |
| ADRIAN CHAPARRO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On June 13, 2001, a jury found defendant and appellant, Adrian Chaparro, guilty of first degree, special circumstances murder, committed during a kidnapping and during which he personally used a firearm. At sentencing, the trial court imposed a $10,000 restitution fine pursuant to Penal Code section 1202.4, subdivision (b).[1] On June 17, 2013, Chaparro, acting in propria persona, filed a motion to have the fine reduced. The trial court denied the motion and Chaparro appealed.[2] We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the opinion filed on appeal in the matter (*People v. Chaparro* (May 29, 2003, B151898) [nonpub. opn.]), Chaparro and the victim, 20-year-old Patricia Ayala, had been dating for approximately one year.[3] The pair, however, had "a 'dysfunctional' relationship marked by mutual and extreme jealousy." On December 31, 1998, the couple, accompanied by some friends, attended a number of New Year's Eve parties in Palmdale. They, however, spent much of the evening arguing and, on a number of occasions, Chaparro threatened to kill Ayala.

The following morning, Chaparro arrived at a friend's home between 6:00 and 7:00 carrying a rifle. He had blood on his shirt and shoes and reluctantly admitted he had killed Ayala. Chaparro explained he had shot Ayala in the stomach, then placed her in the trunk of his car and driven her out to an area in the desert approximately 30 minutes away. When Chaparro took Ayala out of the trunk, she begged him to take her to a hospital. Instead, Chaparro shot Ayala in the chest, then twice in the head.

On June 13, 2001, a jury found Chaparro guilty of first degree murder (§ 187, subd. (a)), committed during a kidnapping (§§ 207, subd. (a), 190.2, subd. (a)(17)) and during which he personally discharged a firearm (§§ 12022.53, subds. (b), (c) & (d),

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The order is appealable pursuant to section 1237, subdivision (b) as an "order made after judgment, affecting the substantial rights of the party."

[3]     In response to Chaparro's request, we have taken judicial notice of the opinion filed and portions of the record in his first appeal. (Evid. Code, § 452, subd. (d).)

12022.5, subd. (a)). The trial court sentenced Chaparro to life in prison without the possibility of parole, plus 25 years to life and imposed a $10,000 restitution fine (§ 1202.4, subd. (b)). Chaparro appealed but did not raise as an issue the amount of the restitution fine. This court affirmed the judgment. (*People v. Chaparro, supra,* B151898.)

On June 17, 2013, Chaparro, acting in propria persona, filed in the trial court a "Motion for Restitution Hearing for Reconsideration of Ability to Pay and Constitutionality of Excessive Fines," citing section 1202.4 and the Eighth and Fourteenth Amendments to the United States Constitution. Chaparro argued the trial court had failed to consider his ability to pay and the "prohibition against excessive fines" when it imposed the $10,000 restitution fine.

In an order filed June 21, 2013, the trial court, Judge Cynthia L. Ulfig, stated: "On June 18, 2013, defendant Adrian Chaparro filed/lodged an Ex Parte Motion to modify the probation and sentencing order imposed on July 11, 2001 by Judge Ronald Coen. [¶] **The Court reviewed said Motion and ruled as follows:** [¶] The defendant's request is denied. The same motion had previously been submitted by the defendant, on March 17, 2009 and ruled upon by Judge Coen. Judge Coen denied the request. This Court agrees that the previous ruling is appropriate." (Bold in original.)

On August 21, 2013, Chaparro filed a timely notice of appeal from the trial court's order.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed December 13, 2013, the clerk of this court advised Chaparro to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. After this court granted Chaparro an extension of time within which to file it, Chaparro filed a supplemental letter brief on February 18, 2014. In his brief, Chaparro contends the trial court erred by imposing the $10,000 restitution fine without considering his ability to pay the fine. He asserts, due to his security level within the

3

prison, he is ineligible for any of the available jobs. In addition, Chaparro argues "there is no direct victim to receive the restitution fine, being that [the] victim died." Chaparro requests this court to direct the trial court to reduce the fine to $280.

Restitution fines are governed by section 1202.4, subdivision (b). Although the statute has been amended a number of times since Chaparro committed the murder of Ayala, for our purposes, "[t]he minor differences between these versions . . . do not appear significant." (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1533.) In 1999, as it does presently, section 1202.4, subdivision (b) provided: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." Former subdivision (b)(1) provided the fine should "be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony." The only relevant differences between the former subdivision and the present subdivision (b)(1) is that the present subdivision provides, "starting on January 1, 2013," the minimum fine shall not be less than $280 and, "starting on January 1, 2014," the minimum fine shall not be less than $300. Former subdivision (c), as does the present subdivision (c), provided in relevant part that "[a] defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the . . . minimum." Finally, both the former and present versions of subdivision (d) indicate that, should the trial court set the amount of the fine pursuant to subdivision (b) in excess of the minimum, it "shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission."

Here, Chaparro was found guilty of the most heinous of crimes, a first degree, special circumstances murder. He committed the offense during a kidnapping and killed his victim, after she had begged him to take her to a hospital, by personally firing a rifle at her chest and head. Apart from Chaparro's asserted inability to pay, in view of the

4

circumstances of the crime, imposition of the $10,000 fine was appropriate. (See *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 504-505; see also *People v. Kramis* (2012) 209 Cal.App.4th 346, 351.)

With regard to Chaparro's claim there is no victim to receive the restitution fine, we note a fine imposed pursuant to section 1202.4, subdivision (b) is not intended to compensate the victim. "It is the fact of the conviction that triggers imposition of a section 1202.4, subdivision (b)(1) restitution fine." (*People v. Kramis, supra,* 209 Cal.App.4th at pp. 349-350, citing *People v. Arata* (2004) 118 Cal.App.4th 195, 202; *People v. Chambers* (1998) 65 Cal.App.4th 819, 822.)

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The trial court's order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

We concur:

KLEIN, P. J.                    KITCHING, J.

5