Filed 5/20/14  P. v. Polk CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>PAULINE UNGUREAN POLK,<br><br>  Defendant and Appellant. | 2d Crim. No. B251239<br>(Super. Ct. Nos. F471008, F489802)<br>(San Luis Obispo County) |

Pauline Ungurean Polk appeals a judgment entered after a nolo contendere plea to possession of cocaine, possession of methamphetamine, possession of concentrated cannabis, and misdemeanor possession of drug paraphernalia, with a finding that she served a prior prison term.  (San Luis Obispo County Case No. F471008; Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a), 11357, subd. (a), 11364.1; Pen. Code, § 667.5, subd. (b).)[1]  We modify the judgment to reflect a $240 restitution fine, remove the stay regarding the $240 probation revocation restitution fine, and impose a suspended $240 mandatory supervision restitution fine, but otherwise affirm.  (§§ 1202.4, subd. (b), 1202.44, 1202.45, subd. (b).)

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

Polk also appeals a judgment entered after a nolo contendere plea to possession of methamphetamine. (San Luis Obispo County Case No. F489802; Health & Saf. Code, § 11377, subd. (a).) We affirm.

*FACTS AND PROCEDURAL HISTORY*

*Case No. F471008*

On February 16, 2012, San Luis Obispo County Sheriff's Deputy Cory Pierce arrested Polk for possession of drugs and drug paraphernalia. On May 15, 2012, Polk waived her constitutional rights and pleaded nolo contendere to possession of cocaine, possession of methamphetamine, possession of concentrated cannabis, and misdemeanor possession of drug paraphernalia. (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a), 11357, subd. (a), 11364.1.) Polk also admitted that she served a prior prison term. (§ 667.5, subd. (b).) The trial court suspended imposition of sentence and granted Polk three years of formal probation with terms and conditions that included 180 days confinement in county jail. The court imposed a $1,000 drug fine, a $240 restitution fine, and a $240 probation revocation restitution fine (stayed). (Health & Saf. Code, 11350, subd. (d)(1); §§ 1202.4, subd. (b), 1202.44.)

On December 6, 2012, and again on April 8, 2013, Polk admitted violating the terms of her probation. In each instance, the trial court revoked and then reinstated probation, but with additional terms.

*Case No. F489802*

On June 17, 2013, the San Luis Obispo County prosecutor filed an information charging Polk with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) On July 2, 2013, Polk waived her constitutional rights and right to a preliminary examination and pleaded nolo contendere to possession of methamphetamine. She also admitted violating her probation in case No. F471008.

*Sentencing*

Pursuant to a stipulated disposition, the trial court revoked probation and imposed a hybrid sentence of five years four months pursuant to section 1170,

2

subdivision (h)(5)(B)(i) for case No. F471008.  The court imposed a $1,800 restitution fine and awarded Polk 344 days of presentence custody credit.  (§ 1202.4, subd. (b).)  In case No. F489802, the court imposed a two-year midterm to be served concurrently in county jail, pursuant to section 1170, subdivision (h)(5)(B)(i).  The court imposed a $560 restitution fine and awarded Polk 153 days of presentence custody credit.  (§ 1202.4, subd. (b).)

Polk appeals and contends that the trial court erred by increasing the restitution fine to $1,800 in case No. F471008.

*DISCUSSION*

Polk argues that the trial court had no statutory authority to increase the restitution fine from $240 to $1,800 following revocation of probation.  The Attorney General properly concedes.  "Despite the fact that the restitution fine is imposed as a condition of probation, . . . it survives the probationary term."  (*People v. Arata* (2004) 118 Cal.App.4th 195, 201.)  Thus, the original restitution fine remains in force despite the revocation of probation.  (*Id.* at pp. 201-202 [trial court lacks authority to impose a second restitution fine following revocation of probation].)

The Attorney General requests that we modify the judgment to remove the stay on the previously imposed probation revocation restitution fine.  (§ 1202.44.)  When the trial court revokes probation and sentences the defendant to jail or prison, the court must lift the stay of the previously imposed probation revocation restitution fine.  (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434-435.)

The Attorney General also properly requests that we impose and stay the mandatory supervision revocation restitution fine pursuant to section 1202.45, subdivision (b).  Section 1202.45, subdivision (c) requires that the fine be suspended unless the mandatory supervision is revoked.

We modify the judgment in case No. F471008 to reflect a $240 restitution fine, remove the stay regarding the $240 probation revocation restitution fine, and impose a suspended $240 mandatory supervision restitution fine, but otherwise affirm.  The trial

3

court shall prepare an amended abstract of judgment accordingly and forward the certified amended abstract to the Department of Corrections and Rehabilitation. We affirm the judgment in case No. F489802.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

4

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, for Plaintiff and Respondent.