Filed 10/28/15  P. v. Harper CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AUSTIN BLAINE HARPER,<br><br>    Defendant and Appellant. | D067517<br><br><br>(Super. Ct. No. SCN320633) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed with directions.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

In August 2013, Austin Blaine Harper pled guilty to assault with force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)[1,2] In October, the trial court suspended imposition of sentence and imposed three years of formal probation, including 270 days in custody. The court imposed other conditions of probation, including, as is relevant here, a restitution fine in the amount of $280 pursuant to section 1202.4, subdivision (b). The fine was ordered to be paid at the rate of $25 per month, starting 60 days after release from custody

Based on various admitted probation violations, the court summarily revoked, and then reinstated, defendant's probation on two separate occasions between February and July, 2014. Following an evidentiary hearing on January 28, 2015, the court formally revoked Harper's probation because of additional probation violations.

On February 6, the court sentenced defendant to the upper term of four years in prison and imposed various fines, including a $280 restitution fine pursuant to section 1202.4, subdivision (b). Although the court orally imposed this fine during the sentencing hearing and the court minutes reflect this oral pronouncement, the court's abstract of judgment discloses only one restitution fine.

Harper contends and the Attorney General agrees, the court imposed two restitution fines and the second fine was unauthorized. We also agree. "A restitution fine imposed at the time probation is granted survives the revocation of probation. Because of

---

[1]     All subsequent statutory references are to the Penal Code.

[2]     We omit a recitation of the facts as they are not relevant to this appeal.

this, an additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment." (*People v. Urke* (2011) 197 Cal.App.4th 766, 779; see *People v. Arata* (2004) 118 Cal.App.4th 195, 203.)

We recognize the abstract of judgment reflects only one restitution fine. However, the transcript of the sentencing hearing following revocation of probation clearly indicates the court imposed a second restitution fine, and this oral pronouncement prevails over the abstract of judgment. (*People v. Urke, supra*, 197 Cal.App.4th at p. 779.) Accordingly, the second restitution fine must be stricken.

To avoid confusion in the future, we note the record is silent as to whether defendant paid the first restitution fine imposed as a condition of probation. If so, he is entitled to credit for all payments he has made. If not, he is responsible for paying the fine during and, if necessary, after his prison sentence. (*People v. Arata, supra*, 118 Cal.App.4th at p. 203.)

DISPOSITION

The judgment is affirmed with directions to the court to prepare an ex parte order reflecting the restitution fine imposed on February 6 is stricken.  In all other respect ts the judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:


McINTYRE, J.


AARON, J.

4