Filed 10/14/15  P. v. Martinez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON WILLIAM MARTINEZ,<br><br>    Defendant and Appellant. | C078825<br><br>(Super. Ct. No. MCYKCRF140000487) |

Defendant Jason William Martinez successfully moved to reduce his felony conviction to a misdemeanor under Penal Code section 1170.18.[1]  However, the trial court denied his request to modify the amounts of fines and fees previously imposed.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant contends the trial court erred in doing so.  He also contends the court erred by failing to strike an erroneously imposed restitution fine.

The Attorney General agrees with defendant's first contention, but contends the second contention is untimely, forfeited, and/or moot.

Agreeing with defendant as to both contentions, we shall remand with directions that the trial court modify the fines and fees.  We shall also vacate the erroneously imposed restitution fine.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2011, in Riverside County, defendant pleaded guilty to possession of methamphetamine, a felony (Health & Saf. Code, § 11377, subd. (a)), in return for the dismissal of a misdemeanor count and a grant of three years' probation under Proposition 36 (Gen. Elec. (Nov. 6, 2012)).  The trial court imposed various fines and fees, including a $200 restitution fine and a $200 suspended probation revocation restitution fine. (§§ 1202.4, 1202.44.)

In January 2014 defendant admitted violating the terms of his probation; the trial court revoked his probation and sentenced him to two years of mandatory supervision. The court imposed fines and fees which included a $300 restitution fine and a $300 mandatory supervision restitution fine.  (§§ 1202.4, subd. (b), 1202.44.)  The sentencing minute order does not indicate that the court struck the previously imposed $200 fines under these provisions.  The record does not include a reporter's transcript of this proceeding.

In April 2014 defendant's case was ordered transferred to Siskiyou County.

In December 2014 defendant moved in Siskiyou County Superior Court to recall his sentence and resentence his offense as a misdemeanor.  (§ 1170.18, subd. (a).)  At the first hearing on the motion, defense counsel also requested that the trial court reduce the assorted fines and fees to the appropriate amounts for a misdemeanor offense.

2

At the next hearing on the motion, the prosecutor stated that he did not oppose the motion. The trial court orally reduced defendant's sentence to a misdemeanor, but continued the matter to review the prior sentencing order.

At the last hearing on the motion, defense counsel renewed the request to modify the fines and fees to a misdemeanor level. The trial court declined to do so, stating, "This Court has determined that there is no order or no law that authorizes the Court to review and to reduce fines, fees and assessments." On February 11, 2015, the court entered an order granting defendant misdemeanor informal probation and stating that defendant's request to modify fines and fees was denied.

Defendant filed timely notice of appeal from the trial court's "[d]enial of request to address fines or fees as part of Proposition 47 resentencing."

DISCUSSION

I

Defendant contends the trial court erred by not reducing his fines and fees to a level appropriate to a misdemeanor. The Attorney General agrees, and so do we. We shall remand the matter with directions that the court recalculate the fines and fees accordingly.

Under Proposition 47, approved by the California voters in November 2014, there is a resentencing provision which allows a person serving a prison term for one or more statutorily specified crimes to petition the court for a recall of sentence and a reduction of certain felony convictions to misdemeanors, provided such reduction would not "result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b)(3).) Violation of Health and Safety Code section 11377 is specified in Penal Code section 1170.18, subdivision (a). The reduction of defendant's sentence to a misdemeanor was therefore required, unless the court found that such reduction would unreasonably endanger the public safety--a finding not made here.

3

Under section 17, subdivision (b)(3), which provides that a trial court may exercise its discretion to sentence a wobbler as a misdemeanor, the crime, once sentenced as a misdemeanor, "is a misdemeanor for all purposes." "When the court properly has exercised its discretion to reduce a wobbler to a misdemeanor under the procedures set forth in section 17(b), the statute generally has been construed in accordance with its plain language to mean that the offense is a misdemeanor 'for all purposes.' " (*People v. Park* (2013) 56 Cal.4th 782, 793.) Section 1170.18 likewise provides that an offense resentenced as a misdemeanor thereunder "shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).)

By enacting Proposition 47, the voters in effect mandated that trial courts treat the crimes specified in section 1170.18, subdivision (a) as misdemeanors for all purposes once convicted defendants have petitioned the courts to do so, provided that resentencing in this manner would not unreasonably endanger the public safety. Having resentenced a defendant in accordance with Proposition 47, the court must therefore treat the defendant's offense as a misdemeanor in every respect. This necessarily includes fines and fees, where the statutory scheme specifies a distinction between those applicable to misdemeanors and those applicable to felonies. Thus, once the court has resentenced a defendant's offense as a misdemeanor, it must reduce any such fines and fees to the appropriate level for a misdemeanor.

Under section 1202.4, subdivision (b)(1), restitution fines for felonies have higher mandatory minimums and maximums than do restitution fines for misdemeanors. Under both felony and misdemeanor fine schedules, the trial court at sentencing is required to exercise its discretion as to the appropriate amount, "commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).) On remand, therefore, the trial court is directed to exercise its discretion to determine the appropriate amounts of misdemeanor restitution

4

fines.[2]  However, for reasons stated in part III of the Discussion, *post*, those fines may not exceed $200.

II

As noted, when the Riverside County trial court found in January 2014 that defendant had violated his probation, the court imposed a $300 restitution fine, and a suspended mandatory supervision revocation restitution fine in the same amount. (§§ 1202.4, subd. (b), 1202.44.)[3]  The record does not show that the court struck the $200 fines previously imposed under these provisions.  Nor does it show that defendant objected to the new fines.  Lastly, the record does not show that defendant challenged these fines when seeking resentencing under section 1170.18.

Defendant contends that this court should vacate the $300 fines.  He reasons that the trial court could not lawfully impose them because the original $200 fines survived the revocation of probation and no statutory authority allowed the court to impose new fines at that time.  (*People v. Arata* (2004) 118 Cal.App.4th 195, 201; *People v. Chambers* (1998) 65 Cal.App.4th 819, 823.)

The Attorney General replies:  (1) The contention is untimely because the present appeal was taken from the trial court's order of February 11, 2015, not from the prior order of January 13, 2014, which imposed the $300 fines, as to which defendant's time to file notice of appeal expired April 1, 2014.  (Cal. Rules of Court, rule 8.308(a).)  (2) Because the $300 fines were within the lawful statutory range at the time of

---

[2]  Defendant does not challenge any other fines and fees imposed in this case.  We therefore express no opinion as to whether any other such fines and fees are subject to reduction under Proposition 47.

[3]  Defendant's opening brief asserts that the record is silent as to whether the trial court imposed the second fine.  However, the sentencing minute order clearly shows that fine.  We therefore treat defendant's argument as an attack on both fines.

5

defendant's offense in 2010, their imposition was a proper exercise of the court's discretion, not an unauthorized sentence, and defendant's failure to object therefore constitutes a forfeiture.  (Cf. *People v. Smith* (2001) 24 Cal.4th 849, 852.)  (3) The contention is moot because the matter must be remanded for reconsideration of the restitution fines in any event.  We disagree with the Attorney General.

Defendant timely appealed from the trial court's order declining to reduce *any* of his felony fines and fees, which included the then-extant $200 fine (and parallel suspended fine), as well as the similar subsequently-imposed $300 fines.  Thus, this court has "properly assumed jurisdiction" (*People v. Mitchell* (2001) 26 Cal.4th 181, 185) to consider whether the trial court should have reconsidered the amount of *all* fines in light of the reduction of the supporting offense to a misdemeanor.  In light of *People v. Arata* and *People v. Chambers*, which clearly hold that a trial court does not have the authority to impose new and higher fines on revoking probation, the January 2014 fines were unauthorized.  This court has the power to correct an unauthorized sentence.  (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13.)  We therefore vacate the $300 restitution and probation revocation restitution fines imposed in January 2014.

### III

Defendant also contends for the first time in his reply brief that the trial court on remand may not impose a restitution fine and a probation revocation restitution fine greater than $200, because to do so would violate the principles of double jeopardy and penalize defendant for bringing a successful appeal.  (*People v. Hanson* (2000) 23 Cal.4th 355, 358-367 [restitution fines are punishment, therefore double jeopardy applies to them on resentencing].)  Defendant is correct.

On remand, the trial court is directed not to impose fines under sections 1202.4, subdivision (b), and 1202.44 that exceed $200, the amounts imposed under those provisions at defendant's original sentencing.

## DISPOSITION

As to the misdemeanor resentencing, the order is affirmed. As to the restitution fine and probation revocation restitution fine, the matter is remanded to the trial court with directions to recalculate the amounts of those fines in light of parts I and III of the Discussion. The $300 restitution fine and mandatory supervision suspended restitution fine imposed by the probation revocation order of January 13, 2014, are vacated.


           /s/
           Blease, Acting P. J.


We concur:


     /s/
     Mauro, J.


     /s/
     Duarte, J.