Filed 2/17/26  P. v. Davis CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B340189 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LACBA503382) |
| v. | |
| DEXTER CONTEZ DAVIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Emily Cole, Judge.  Vacated with directions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Deepti Vaadyala, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Dexter Contez Davis pleaded no contest to possessing or carrying a weapon while confined in a penal institution, in violation of Penal Code section 4502, subdivision (a),[1] and the trial court placed Davis on probation under various terms and conditions. Finding Davis was indigent, the trial court waived certain statutorily mandated fines and assessments and did not require Davis to pay them as a condition of probation.

The court subsequently found Davis violated the terms and conditions of his probation and revoked his probation. At the probation violation sentencing hearing the court (a different judge) sentenced Davis to three years in county jail and ordered him to pay a restitution fine of $300 (§ 1202.4, subd. (b)), a court operations assessment of $40 (§ 1465.8), and a court facilities assessment of $30 (Gov. Code, § 70373).

Davis argues that the probation violation sentencing court did not have authority to impose the fine and assessments, that the People forfeited their "ability to defend the belated imposition" of these fines and fees under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), disapproved in *People v. Kopp* (2025) 19 Cal.5th 1, 23, fn. 17 (*Kopp*), and that it would have been futile for him to argue at the probation violation sentencing hearing he did not have the ability to pay the $370. We conclude Davis is entitled to challenge the restitution fine and the assessments under the Supreme Court's recent decision in *Kopp*.

---

[1]     Undesignated statutory references are to the Penal Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2024 Davis pleaded no contest to possessing or carrying a weapon while confined in a penal institution, and the trial court placed him on probation for two years on terms and conditions that included serving 365 days in county jail and obeying all laws. Based on a representation by Davis's trial counsel, the court found Davis was indigent and waived unspecified "fines and fees." The People did not object to the court's finding Davis was indigent or to the court's decision not to impose the fines and fees.

Two months later the trial court, after finding Davis had violated the terms and conditions of his probation, revoked his probation. In July 2024 the court denied Davis's request to reinstate probation and sentenced him to three years in county jail. The court also ordered Davis to pay a $300 restitution fine, a $30 court facilities assessment, and a $40 court operations assessment. Though counsel for Davis did not argue Davis was indigent or object to the imposition of the restitution fine and the assessments, she stated: "I would like to note that for the probation case,[2] all fines and fees were previously waived." The court stated, "Correct. They [were] waived. This is now a resentencing. And based on the sentence and the other case, the court is going to impose the fines and fees." Davis timely appealed.

While Davis's appeal was pending, the Supreme Court decided *Kopp*, *supra*, 19 Cal.5th 1 and held a defendant may challenge the imposition of a punitive fine under the Excessive

---

[2] "Probation case" referred to this case. The People had filed new charges against Davis in another case.

Fines Clauses of the United States and California Constitutions and the imposition of what the Supreme Court called "ancillary costs" (like the court facilities and court operations assessments) under the Equal Protection Clauses of the United States and California Constitutions. (*Id.* at pp. 23-24.) We gave the parties an opportunity to submit supplemental briefs on the Supreme Court's decision in *Kopp*. Davis submitted a supplemental brief; the People did not.

## DISCUSSION

Davis argues in his supplemental letter brief that, "because ancillary costs were at the [first] hearing discretionary, and because they remain discretionary under *Kopp*," the People are prohibited "from now defending the belated imposition of these assessments when the People failed to object to the court's waiver of these costs at the [first sentencing] hearing." He also argues that, in light of the Supreme Court's decision in *Kopp*, he should have an opportunity to challenge the restitution fine as constitutionally excessive and "'to present any relevant evidence or argument'" on his ability to pay the assessments. We agree Davis should have an opportunity to challenge the restitution fine and the assessments under *Kopp*.

A.    *Applicable Law*

1.    *The Minimum Restitution Fine*

Section 1202.4, subdivision (b) states: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and

4

extraordinary reasons for not doing so and states those reasons on the record." (See *Kopp*, *supra*, 19 Cal.5th at p. 13 [restitution fine under section 1202.4, subdivision (b)(1), "is required in 'every case where a person is convicted of a crime' unless the court 'finds compelling and extraordinary reasons for not doing so and states those reasons on the record'"]; *People v. El* (2021) 65 Cal.App.5th 963, 967 [same]; *People v. Preston* (2015) 239 Cal.App.4th 415, 423 [same].) Section 1202.4, subdivision (b)(1), states that the minimum restitution fine is $300 for each felony conviction and that the maximum fine is $10,000. Section 1202.4, subdivision (c), allows the court not to impose the restitution fine for compelling and extraordinary reasons, but states the defendant's inability to pay is not a compelling and extraordinary reason not to impose the minimum fine. Thus, the defendant's "inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine." (See *Kopp*, at p. 30; *People v. Miracle* (2018) 6 Cal.5th 318, 356; see also *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033 ["Under section 1202.4, subdivision (c), the trial court may not consider a defendant's ability to pay when imposing the minimum restitution fine of $300, but the court may consider the defendant's ability to pay if the court imposes a restitution fine above the minimum."].)

Section 1202.4, subdivision (*l*), provides that, where the court grants the defendant probation, "the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation." Defendants who are not granted probation are also subject to the mandatory imposition of

5

a restitution fine. "'"The difference is that the restitution fine must also be made a condition of probation for any defendant admitted to probation. The mandatory orders for restitution are made part of the conditions of probation because '[f]ailure to do so would lead to successful probationers avoiding the mandatory nature of subdivision (b).'" (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1457; see *People v. Arata* (2004) 118 Cal.App.4th 195, 201 ["If probation is granted, payment of the restitution fine must be made a condition of that probation."].)

In *Dueñas*, *supra*, 30 Cal.App.5th 1157 we held that, "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Id.* at p. 1164.) In *Kopp*, *supra*, 19 Cal.5th 23, the Supreme Court disapproved our reasoning in *Dueñas* that due process required an ability-to-pay hearing before the trial court may impose a punitive fine. The Supreme Court held: "Although fines may properly be imposed as punishment for crime," the "excessive fines analysis" under the United States and California Constitutions, "which considers ability to pay, is the proper vehicle to challenge punitive fines."[3] (*Kopp*, at pp. 23 & fn. 17.)

---

[3] The Supreme Court stated: "Contrary to *Dueñas*'s suggestion, we do not find a due process requirement to hold an ability to pay hearing before imposing every punitive fine." (*Kopp*, *supra*, 19 Cal.5th at p. 23 & fn. 17.)

6

2. *Ancillary Costs*

Section 1465.8, subdivision (a)(1), states: "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense . . . ." Government Code section 70373, subdivision (a)(1), states: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony . . . ." "Both costs are mandatory." (*Kopp*, *supra*, 19 Cal.5th at p. 15; see *People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)

In *Dueñas*, *supra*, 30 Cal.App.5th 1157 we held due process "requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) In *Kopp*, *supra*, 19 Cal.5th 1 the Supreme Court clarified that "equal protection principles require a court, upon request, to consider a defendant's inability to pay before imposing a court operations assessment under . . . section 1465.8, subdivision (a)(1) or a court facilities assessment under Government Code section 70373, subdivision (a)(1)." (*Kopp*, at p. 9.)

7

B.    *Davis Is Entitled To Challenge the Restitution Fine and the Assessments Under* Kopp

1.    *The Minimum Restitution Fine*

Davis argued in his opening brief (1) that the probation violation sentencing court lacked the authority to impose the restitution fine and (2) that, because the fine was "discretionary," the People's "failure to object to the initial waiver" of the fine "results in forfeiture of any argument that the belated . . . imposition . . . is valid."  In his supplemental letter brief, however, Davis abandons his second argument, stating his contention the restitution fine "was discretionary" is "no longer viable" under "the *Kopp* Court's analysis of *Dueñas*,"[4] and appears to abandon his first argument.

Instead, Davis argues that, in light of the Supreme Court's holding in *Kopp* a defendant may challenge "'the *imposition of any fine* as constitutionally excessive,'" he should have the opportunity to make such a challenge.  The People did not file a supplemental brief responding to Davis's new argument, but in their respondent's brief, the People argue that Davis "did not offer any evidence to support [his] inability to pay" at the probation violation sentencing hearing and that he "made no complaint with the manner in which the court determined [he] had the ability to pay" at the that hearing.

It is true that, when the probation violation sentencing court imposed the restitution fine, Davis did not argue he did not have the ability to pay and that he did not present any evidence

---

[4]    We accept Davis's concession and do not reach this issue.

8

he was indigent, which essentially forfeited his challenge.[5] (See *People v. Evers* (2023) 97 Cal.App.5th 551, 556 ["Once case law exists holding that a hearing on ability to pay is constitutionally required when requested, a defendant who does not object or ask for a hearing forfeits the claim of error."]; see also *People v. Castellano* (2019) 33 Cal.App.5th 485, 490 ["a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court"], disapproved on another ground in *Kopp*, *supra*, 19 Cal.5th at p. 23, fn. 17.) However, we excuse Davis's failure to object. Though our (pre-*Kopp*) decision in *Dueñas* should have alerted counsel for Davis to argue at the probation violation sentencing hearing the federal or state constitution required the court to hold an ability-to-pay hearing, counsel could not reasonably have anticipated that the proper vehicle to request such a hearing was the Excessive Fines Clause, rather than the Due Process Clause. (See *People v. Perez* (2020) 9 Cal.5th 1, 8 ["[w]e have excused a failure to object where to require defense counsel to raise an objection would place an unreasonable burden on defendants to anticipate unforeseen changes in the law" (internal quotation marks omitted)]; *People v. Brown* (2024) 101 Cal.App.5th 113, 127 ["Courts generally decline to apply the forfeiture rule to a right derived from recent, unanticipated changes to the law."].) Davis should have an opportunity to present the relevant arguments and evidence under *Kopp*. (See *Kopp*, at p. 23

---

[5] Davis concedes his trial counsel "did not raise an ability to pay objection to the court's imposition of the fines at the revocation hearing."

9

[remanding the matter to give the defendant "the opportunity to assert the legal analyses applicable" to challenging the restitution fine].)[6]

2.     *Ancillary Costs*

Davis argues (in his opening brief) a court granting probation "must impose" the ancillary costs under section 1465.8, subdivision (a)(1), and Government Code section 70373, subdivision (a)(1), "at the time of the original sentencing," and may not impose the assessments later (such as at sentencing on a probation violation).  Davis, however, does not cite any relevant authority in support of this proposition.[7]  Thus, Davis has forfeited the argument.  (See *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363-364 ["If a party's briefs do not provide legal argument and citation to authority on each point

---

[6]     Because we remand the matter for Davis to make the appropriate challenge to his restitution fine, we do not reach Davis's argument it would have been futile for him to object when the probation violation sentencing court imposed the restitution fine.

[7]     The cases Davis cites did not discuss ancillary costs imposed under section 1465.8, subdivision (a)(1), or Government Code section 70373, subdivision (a)(1).  *People v. Preston, supra,* 239 Cal.App.4th 415 concerned the restitution fine under section 1202.4, subdivision (b), the probation revocation fine under section 1202.44, and the parole revocation fine under section 1202.45 (see *Preston,* at p. 423), and *People v. Arata, supra,* 118 Cal.4th 195 and *People v. Chambers* (1998) 65 Cal.App.4th 819 concerned the restitution fine under section 1202.4, subdivision (b) (see *Arata,* at p. 202; *Chambers,* at p. 822).

raised, "'the court may treat it as waived, and pass it without consideration.'""].)

Citing *People v. Tillman* (2000) 22 Cal.4th 300, Davis also argues in his opening brief that, by failing to object when the trial court waived or failed to impose the ancillary costs (which, according to Davis, "are not mandatory under the reasoning of *Dueñas*"), the People "forfeited any argument" the probation violation sentencing court "could permissibly impose" those costs. In his supplemental letter brief Davis restates this argument and adds that, "under *Kopp*," the costs "remain discretionary."

In *People v. Tillman, supra*, 22 Cal.4th 300 the trial court failed to impose the mandatory restitution fine under section 1202.4, subdivision (b). (*Tillman*, at p. 302.) The court in *Tillman* amended the judgment to add the restitution fine, but the Supreme Court reversed, holding "the People's failure to object" to the trial court's failure "to state on the record its reasons for not imposing the restitution fines" waived their argument on appeal the defendant's sentence should be modified to add the fine to the defendant's sentence.[8] (*Id.* at pp. 301-303.)

It is unclear why Davis relies on *Tillman*. First, the procedural posture of this case is different from that in *Tillman*.

_____

[8]	As the court in *People v. Rodriguez* (2000) 80 Cal.App.4th 372 explained: "It . . . appears that *Tillman* stands for the proposition that when a trial court determines that compelling and extraordinary reasons exist for not imposing a section 1202.4 fine but fails to comply with the statutory requirement of the making of the necessary finding with a recorded statement of reasons, it is a correctable error which the People must call to the trial court's attention in a timely manner." (*Rodriguez*, at p. 377.)

In *Tillman* the People sought to have the restitution fine imposed (for the first time) on appeal, and the Supreme Court held "the waiver doctrine bars the People from obtaining the relief they seek on appeal." (*People v. Tillman, supra,* 22 Cal.4th at p. 302.) Here, the probation violation sentencing court imposed the ancillary costs, and the People are not seeking to modify the judgment on appeal. In fact, Davis is the one asking us to vacate the costs. Second, even assuming the People waived their ability to defend imposing the assessments (a question we do not decide), Davis has not shown a connection between the People's waiver and the probation violation sentencing court's authority to impose the costs. There is nothing in the statutory language of section 1465.8, subdivision (a)(1), or Government Code section 70373, subdivision (a)(1), that prohibits a court sentencing a defendant who has violated probation from imposing these assessments. And Davis has not cited authority supporting his position.

Finally, Davis argues that, if we disagree with his argument under *Tillman,* he is entitled to present argument and evidence in the trial court on his "inability to pay these assessments." We agree with Davis's alternative position and, consistent with *Kopp* (*Kopp, supra,* 19 Cal.5th at p. 30), direct the trial court to allow him to make an appropriate equal protection challenge, allow him to argue he is entitled to a hearing on his ability to pay ancillary costs, and permit him to present evidence and argument on his ability to pay the assessments. As with the restitution fine, we excuse Davis's failure to object to the imposition of the ancillary costs on the ground he lacked the ability to pay them. (See *People v. Perez, supra,* 9 Cal.5th at p. 8; see, e.g., *Kopp,* at p. 30 [remanding the matter to allow the

12

parties "to present and contest any relevant evidence or argument" on the defendant's ability to pay the ancillary costs].)

## DISPOSITION

The restitution fine and ancillary costs are vacated. The probation violation sentencing court is directed to give Davis an opportunity to challenge the restitution fine and the ancillary costs under *People v. Kopp, supra,* 19 Cal.5th 1.

SEGAL, J.

We concur:

MARTINEZ, P. J.

STONE, J.